IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS BERARD, | : Civil No. 3:16-cv-2556 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| TIMOTHY CRAWFORD, ANGELO J. JORDAN, | : |
| Defendants | : |

**MEMORANDUM**

Plaintiff Dennis Berard ("Berard"), an inmate formerly housed at the Satellite Prison Camp at Lewisburg, Pennsylvania, commenced this *Bivens*[1], 28 U.S.C. § 1331, civil rights action on December 28, 2016. (Doc. 1). Berard alleges that his due process rights were violated in the context of a prison disciplinary hearing. (*Id.* at ¶¶ 7-19). Named as Defendants are Timothy Crawford and Angelo Jordan. (*Id.* at ¶¶ 5-6). Presently pending before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). For the reasons set forth below, the motion will be granted.

I. **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine

2

whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

Id.

## II. Allegations of the Complaint

In July 2014, Berard was served with incident report number 2597656, charging him with a code 199 violation, most like codes 111, 203, and 204, for engaging in conduct which disrupts the security of a BOP facility, most like introduction, extortion, blackmail, and

threatening another with bodily harm.[2] (Doc. 1, ¶¶ 7-8; Doc. 9-1, p. 19, Incident Report).

On July 3, 2014, Berard appeared before the Unit Discipline Committee ("UDC"). (Doc. 1, ¶ 9; Doc. 9-1, p. 20). The UDC determined that Berard violated codes 199, 203, and 204. (*Id.*). The UDC referred the incident report to the DHO with a recommendation that sanctions be imposed. (*Id.*).

On July 21, 2014, defendant Jordan conducted a DHO hearing. (Doc. 1, ¶ 10; Doc. 9-1, pp. 23-27, DHO Report). Berard appeared at the hearing and denied the charges. (Doc. 1, ¶ 11). Berard alleges that the reporting officer, defendant Crawford, "fabricated the information concerning a confidential informant in order to write the incident report." (*Id.*). Defendant Jordan found that Berard committed the prohibited act of extortion, blackmail, and demanding anything of value in return for protection against others to avoid bodily harm, in violation of code 204. (Doc. 1, ¶ 12; Doc. 9-1, pp. 25-27, §§ IV, V). Defendant Jordan sanctioned Berard with twenty-seven (27) days disallowance of good conduct time, thirty (30) days in disciplinary segregation, and loss of commissary, visiting, and telephone privileges for ninety days (90) days. (Doc. 1, ¶ 13; Doc. 9-1, p. 27, § VI).

---

[2] The incident involved an investigation conducted by Defendant Crawford which revealed that Defendant Berard and other inmates were involved in a contraband drop on April 27, 2014. (Doc. 9-1, p. 19, Incident Report). Defendant Crawford used a confidential informant who also reported that he was threatened by Berard and another inmate to have the informant's family deliver a package of contraband to the housing reservation grounds at USP-Lewisburg. (*Id.*).

4

## III. Discussion

A *Bivens* action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See *Paton v. LaPrade*, 524 F.2d 82 (3d Cir.1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988). Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants argue that the complaint should be dismissed pursuant to the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477. (Doc. 9, pp. 7-8). They assert that Berard's claims challenge a disciplinary hearing where he lost good time credit, but he has not shown that the sanctions were successfully challenged in a habeas action. (*Id.*). Thus,

5

Defendants contend that because any judgment in Berard's favor would call into question the validity of his sentence, the claims are not cognizable in a § 1331 action until the disciplinary proceeding is invalidated. (*Id.*). Berard counters that *Heck* is not a bar to his claims because has been released from custody. (Doc. 12).

In *Heck v. Humphrey*, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

In *Edwards v. Balisok*, the Supreme Court extended the rationale in *Heck* to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action. *Edwards*, 520 U.S. 641. The Court stated, "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Edwards*, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary

hearing in question. *Edwards*, 520 U.S. at 646-47. In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original), the Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if success* in that action would necessarily demonstrate the invalidity of the confinement or its duration."

In the matter *sub judice*, it is clear that Berard is challenging the result of his prison disciplinary hearings, not simply the constitutionality of the procedures used during his disciplinary proceedings. Berard seeks declaratory relief, as well as money damages. However, a favorable outcome on the damages claim would necessarily imply the invalidity of the prison disciplinary finding and sanctions. (Doc. 1, pp. 7-8). Consequently, Berard's § 1331 claim cannot proceed until such time as the disciplinary finding is invalidated. *See Heck*, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Moreover, this Court has repeatedly held that the favorable termination rule applies to suits

by prisoners who are no longer in custody. *See Mitchell v. Department of Corrections*, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003) (holding that the favorable termination rule of *Heck*, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who are no longer in custody, even though federal habeas relief no longer is available due to the prisoner's release). *See also Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (rejecting the argument that *Heck*'s favorable termination rule does not apply when the § 1983 plaintiff is no longer in custody); *Connolly v. Arroyo*, 293 F. App'x 175, 178 (3d Cir. 2008) ("the fact that [the plaintiff] was released during the pendency of the litigation does not preclude the application of *Heck*, which applies even where habeas relief is no longer available because the individual is no longer in custody").

## IV. Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515

F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth herein, the Court concludes that curative amendment would be futile.

## V. Conclusion

Based on the foregoing, Defendants' motion (Doc. 8) to dismiss will be granted. A separate order shall issue.

Date: May __8__, 2017

Robert D. Mariani
United States District Judge