IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS BERARD, | : | Civil No. 3:16-cv-2556 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| TIMOTHY CRAWFORD,<br>ANGELO J. JORDAN, | : | |
| Defendants | : | |

## MEMORANDUM

I. **Background**

On December 28, 2016, Plaintiff, Dennis Berard, a former inmate housed at the Satellite Prison Camp at Lewisburg, Pennsylvania, initiated the above-captioned action by filing a *Bivens*[1]-styled civil rights complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1). The complaint alleged due process violations during a July 2014 disciplinary hearing. Named as Defendants are Timothy Crawford and Angelo Jordan. Previously by Memorandum and Order dated May 8, 2017, the Court granted Defendants' motion to dismiss, finding that Berard's due process claim was barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docs. 13, 14).

Presently before the Court is Plaintiff's motion (Doc. 15) for reconsideration of this Court's May 8, 2017 Memorandum and Order. For the reasons set forth below, the Court

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

will deny the motion for reconsideration.

## II. Standard of Review

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. *See* FED. R. CIV. P. 59(e); *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). Reconsideration of a judgment is an extraordinary remedy, and the Court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## III. Discussion

In the instant motion for reconsideration, Berard argues that reconsideration is

needed to prevent manifest injustice because he is not "in custody", and if he were to file a 28 U.S.C. § 2241 motion to satisfy the favorable termination rule, it would be dismissed as moot because he has already been released from custody. (Doc. 15, p. 2). In opposition to Berard's motion for reconsideration, Defendants argue that he is not entitled to reconsideration because he fails to demonstrate that the Court made any manifest error of law, that any new law has arisen since the date of the Court's decision, or that new evidence has come to light which was previously unavailable. (Doc. 16).

A review of the Court's May 8, 2017 Memorandum and Order granting Defendants' motion to dismiss reveals that the following was concluded:

> Defendants argue that the complaint should be dismissed pursuant to the favorable termination rule in Heck v. Humphrey, 512 U.S. 477. (Doc. 9, pp. 7-8). They assert that Berard's claims challenge a disciplinary hearing where he lost good time credit, but he has not shown that the sanctions were successfully challenged in a habeas action. (Id.). Thus, Defendants contend that because any judgment in Berard's favor would call into question the validity of his sentence, the claims are not cognizable in a § 1331 action until the disciplinary proceeding is invalidated. (Id.). Berard counters that Heck is not a bar to his claims because has been released from custody. (Doc. 12).
>
> In Heck v. Humphrey, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.
>
> In Edwards v. Balisok, the Supreme Court extended the rationale in Heck to

disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action. *Edwards*, 520 U.S. 641. The Court stated, "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Edwards*, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. *Edwards*, 520 U.S. at 646-47. In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original), the Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if success* in that action would necessarily demonstrate the invalidity of the confinement or its duration."

In the matter *sub judice*, it is clear that Berard is challenging the result of his prison disciplinary hearings, not simply the constitutionality of the procedures used during his disciplinary proceedings. Berard seeks declaratory relief, as well as money damages. However, a favorable outcome on the damages claim would necessarily imply the invalidity of the prison disciplinary finding and sanctions. (Doc. 1, pp. 7-8). Consequently, Berard's § 1331 claim cannot proceed until such time as the disciplinary finding is invalidated. *See Heck*, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Moreover, this Court has repeatedly held that the favorable termination rule applies to suits by prisoners who are no longer in custody. *See Mitchell v. Department of Corrections*, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003) (holding that the favorable termination rule of *Heck*, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who are no longer in custody, even though federal habeas relief no longer is available due to the prisoner's

4

release). *See also Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (rejecting the argument that *Heck*'s favorable termination rule does not apply when the § 1983 plaintiff is no longer in custody); *Connolly v. Arroyo*, 293 F. App'x 175, 178 (3d Cir. 2008) ("the fact that [the plaintiff] was released during the pendency of the litigation does not preclude the application of *Heck*, which applies even where habeas relief is no longer available because the individual is no longer in custody").

(Doc. 13, pp. 5-8).

Berard's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Berard argues that he is entitled to reconsideration because he is not in custody, and if he were to file a § 2241 motion to satisfy the favorable termination rule, it would be dismissed as moot because he has been released from custody. His request for reconsideration, however, is nothing more than an attempt to re-litigate the matters already considered and disposed of by this Court. Berard's motion does not offer any new information or facts which would change the result of this Court's Order. Thus, the Court finds that its Order of May 8, 2017 is not troubled by manifest errors of law or fact and Berard has not presented anything new, which if previously presented, might have affected the Court's decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

Date: January 22, 2018

Robert D. Mariani
United States District Judge